IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| VEXTEC CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:11-cv-1034 |
| ) | Judge Trauger |
| v. ) | Magistrate Judge Griffin |
| ) | |
| SENTIENT CORPORATION; WARD ) | |
| THOMAS; KEVIN LINE; RAJA ) | |
| PULIKOLLU; and MATTHEW KING, ) | |
| ) | |
| Defendant. ) | |

### STIPULATED PROTECTIVE ORDER

Pursuant to the Stipulation and Order entered on February 24, 2012, Docket No. 30 (the "February 24 Order") discovery in this matter is stayed for ninety (90) days so that the parties may make available for inspection to opposing counsel certain documents and then meet to discuss settlement. The February 24 Order required the parties to file with the Court on or before March 9, 2012 a stipulated protective order governing the "Attorneys' Eyes Only" inspection to take place. This Stipulated Protective Order complies with the February 24 Order and is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

It is, therefore, hereby ORDERED:

1. The SBIR proposals made available for inspection pursuant to the February 24 Order shall be treated as "Attorney's Eyes Only." The SBIR proposals shall be used solely for purposes of this action and shall not be disclosed to anyone other than the persons permitted under this Protective Order. The SBIR proposals and information contained therein shall not be made available and shall not be disclosed to anyone other than the following persons:

8651748

1

(a) Outside counsel of record working on this action on behalf of any party to this action; and

(b) Outside counsel, not of record, retained, consulted or specifically employed by any counsel or party to assist in the legal representation of a party in this action, provided they execute a Declaration of Compliance in the form and substance as that attached hereto.

2. Counsel shall not make copies, take photographs of, or otherwise replicate information contained in the SBIR proposals, but the taking of reasonable notes to summarize recommendations to the respective clients, which will not be disseminated or copied in any fashion and not shown to the respective client, is permitted.

3. The restrictions and obligations of this Protective Order shall not apply to any information that (a) is public knowledge, (b) becomes public knowledge through no fault of any party to this protective order other than the producing party, or (c) comes into the possession of receiving parties through means other than the disclosure of such information in this action.

4. This Protective Order shall remain in force and effect and shall continue to be binding on all parties to this Order and affected persons after the conclusion of this action.

5. Should a party to this Protective Order be commanded or compelled to disclose information reviewed in the SBIR proposals, as by subpoena, civil investigative demand or discovery request in a separate action or similar compulsory process that subjects the recipient to sanctions unless complied with, the party must (1) provide the producing party with written or electronic notice and a copy of the compulsory process; and (2) forebear, to the extent reasonably feasible, producing such materials or information for at least five (5) business days after the producing party's receipt of such written notice, interposing, if necessary, any reasonable objections, and providing, if necessary or prudent, a copy of this Protective Order to the person

seeking to command or compel the materials or information, so that the producing party may have an opportunity to intervene to protect its interests.

6. Nothing in this Protective Order shall prevent or otherwise restrict any counsel from rendering advice to that counsel's client who is presently a party to this action; provided, however, that in rendering such advice, the counsel shall not disclose the substance of the SBIR proposals.

It is so ORDERED this the __12th__ day of March, 2012.

_____
ALETA A. TRAUGER
U. S. DISTRICT COURT JUDGE

APPROVED FOR ENTRY:


<u>s/ J. Graham Matherne with permission</u>
J. Graham Matherne, BPR #11294
**WYATT, TARRANT & COMBS, LLP**
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203-1423
Telephone: (615) 244-0020
Fax: (615) 256-1726
gmatherne@wyattfirm.com

Blair M. Jacobs
**MCDERMOTT WILL & EMERY LLP**
600 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 756-8000
Fax: (202) 756-8087
bjacobs@mwe.com

*Counsel for Plaintiff Vextec Corporation*



<u>s/ Heather J. Hubbard</u>
Marcus M. Crider, #018608
Heather J. Hubbard, #023699
**WALLER LANSDEN DORTCH**
  **& DAVIS, LLP**
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Fax: (615) 244-6804
marcus.crider@wallerlaw.com
heather.hubbard@wallerlaw.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| VEXTEC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:11-cv-1034 |
| | ) | Judge Trauger |
| v. | ) | Magistrate Judge Griffin |
| | ) | |
| SENTIENT CORPORATION; WARD THOMAS; KEVIN LINE; RAJA PULIKOLLU; and MATTHEW KING, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## **DECLARATION OF COMPLIANCE**

I, _____, under penalty of perjury, depose and state that the following is true and correct:

1. I am over 18 years of age.

2. I am an attorney in good standing in all state and federal courts to which I am admitted to practice.

3. I have been retained, consulted or specifically employed by counsel or a party to assist with the legal representation of a party in this action.

4. I have read the Stipulated Protective Order entered in the above-referenced action before reviewing or receiving access to the content of any documents or information subject to the provisions of the Stipulated Protective Order.

5. I understand and agree that I am personally bound by and subject to the restrictions and obligations of the Stipulated Protective Order.

8651748

6. I understand that the unauthorized disclosure of a document or information protected by the Stipulated Protective Order constitutes a breach of this Declaration and may subject me both to the contempt powers of the above referenced Court, and to liability to one or more of the parties.

7. I subject myself to the jurisdiction and venue of said Court for purposes of enforcing this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on the _____ day of _____, 20___.

_____